IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | C.A. 6:13-CV-00744 |
| | § | |
| GEORGE TOONE AND | § | |
| IN TOONE SERVICES, LLC | § | |
| d/b/a TEXAN RV PARK | § | |
| | § | |
| DEFENDANTS | § | JURY DEMANDED |

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
ORIGINAL COMPLAINT

George Toone and In Toone Services, LLC d/b/a Texan RV Park, Defendants in the above styled and numbered cause and file their answer, and affirmative defenses to Plaintiff's Original Complaint and would respectfully show the following.

Any allegations contained in Plaintiff's Original Complaint not specifically admitted herein are denied.

I.

NATURE OF ACTION

1.    Defendant lacks sufficient knowledge or information to form a belief about reasons for bringing this action as stated in paragraph 1 of the complaint.  Defendants deny the remaining allegainots the truth of paragraph 1 and therefore denies the r. Roxanne Joganik and Darlina Anthony

2.    Defendants admit that this court has jurisdiction of claims brought under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3612(o).

3.    Defendants admit that venue is proper in this district.

4.    Defendant George Toone admits he is a resident of Texas.

5.      Defendant admit it is a business d/b/a Texan RV Park but denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants admit to ownership of the Park but deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits that he, and his wife, reside on the property but deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit they offer sites for guests to rent and park their personal RV and there are amenities at the Park available to all guests.  Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations in Paragraph 45 (a)-(c) of Plaintiff's Complaint.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants specifically deny that Plaintiff is entitled to any of the relief requested in Paragraphs 1, Paragraph 2(a-d), and Paragraph 3.  Defendants also deny that Plaintiff is entitled to any of the relief sought by the Plaintiff in its prayer for relief.

II.

AFFIRMATIVE DEFENSES

48.     Answering further, and by way of affirmative defense, Defendants' contend that

     a.   Plaintiff was contributorily negligent;

     b.   Plaintiff is stopped from pursuing this cause of action or recovery;

     c.   Res judicata bars recovery of this issue;

     d.   the statute of frauds bars plaintiff's claim.

     e.   the statute of limitations bars plaintiff's claim.

     f.   plaintiff waived its claims;

     g.   the fair housing act does not apply to Defendants

     h.   That the regulation of motor vehicles are subject to the state law;

     i.   That Roxanne Joganik and Darlina Anthony were not living in a dwelling.

     j.   That the fair housing act does not apply to recreational vehicle parks
       which serve transient customers.

Wherefore, premises considered, Defendant requests that:  Plaintiff's individual claims be dismissed with prejudice in their entirety; and that Defendants have such other and further relief as this court may deem just and proper.

Respectfully submitted,

/s/ Casey S. Erick
Casey Erick
SBN: 24028564
ERICK & THOMAS, P.C.
4144 N. Central Expressway, Suite 870
Dallas, Texas 75204
214.691.6200 Telephone
214.691.6205 Facsimile
Casey.t2law@sbcglobal.net
Attorneys for Defendants

CERTIFICATE OF SERVICE

On this the 3rd day of December, 2013, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court Eastern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


/s/ Casey S. Erick
Casey S. Erick