IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIV. NO. 6:13-CV-744-KNM |
| | § § | |
| GEORGE TOONE and IN TOONE SERVICES, LLC d/b/a TEXAN RV PARK, | § § § § | |
| Defendants. | § § | |

_____

**PLAINTIFF'S PROPOSED
STIPULATION AND ORDER REGARDING DISCOVERY**

Plaintiff and Defendant (collectively "Parties") mutually seek to reduce the time, expense and other burdens of discovery of documents, things and electronically stored information ("ESI"). Therefore, the Parties are entering into this Stipulation to govern discovery obligations in this action.

The Parties stipulate as follows:

1. <u>Preservation of Documents, Things and ESI</u>.  All potentially relevant documents, things, and ESI, other than those exempted from discovery in paragraph two (2), created before or after the date of entry of this Stipulation and Order, must be preserved in accordance with the Federal Rules of Civil Procedure ("FRCP"), the Federal Rules of Evidence, and the relevant controlling principles of law.  Except as provided in paragraph two (2), the parties agree to preserve potentially relevant draft documents, as well as red-lined or marked-up documents.  The term

"Draft Document" means a preliminary version of a document that has been shared by the author with another person (by email, print or otherwise) or one that the author no longer intends to finalize or to share with another person.

2.      Preservation and Production of Certain Documents, Things, and ESI Not Required

Except as described in this paragraph, the Parties agree not to preserve or continue to preserve the following:

   i.     Voicemail messages;

   ii.    Electronic mail, SMS messages or "pin to pin" messages sent to or from a Personal Digital Assistant (*e.g.* Blackberry Handheld) provided that a copy of electronic messages is saved in another reasonably accessible location;

   iii.   Other electronic data stored on a Personal Digital Assistant, such as calendar or contact data or notes, provided that a copy of such information is saved in another reasonably accessible location;

   iv.    Logs of calls made to or from cellular phones;

   v.     Temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

   vi.    Server, system or network logs;

   vii.   Data from photocopiers or fax machines;

   viii.  Autosaved copies of electronic documents;

   ix.    Delivery or read recipients of electronic mail;

   x.     Duplicate copies of an electronic message sent to multiple recipients so long as the copy retained accurately reflects all recipients of the email and the entire contents of the email, including all attachments.

  xi. Potentially relevant ESI on a backup system used for the purpose of system recovery or information restoration, if that backup system is not reasonably accessible and the potentially relevant ESI has been preserved on other, accessible electronic media.

  xii. Any document, including Draft Documents, that were created by, and exchanged solely among: 1) attorneys or staff within the United States Department of Justice; or 2) attorneys or staff of Defendants.

  xiii. Communication between a Party's attorney and any witness required to provide a report under FRCP 26(a)(2)(B) disclosure, except to the extent that the communications: (1) relate to compensation for the expert's study or testimony; or (2) identify facts or data that the Party's attorney provided and that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that the Party's attorney provided and that the expert relied on in forming opinions to be expressed.

3. <u>No Discovery of Material Not Required To Be Preserved</u>.  The Parties agree not to seek discovery of documents, things, and ESI enumerated in paragraph 2.  If a party receives a discovery request that could be construed as seeking production of documents, things, or ESI enumerated in paragraph 2, the party is not required to produce the documents, things, or ESI or identify them on a privilege log.

4. <u>Form and Manner of Production</u>

  a. <u>Hard Copy Documents Scanned to Electronic Form:</u>  Hard copy documents shall be scanned as searchable PDF images and reflect, without visual degradation, the full and complete information contained on the original document.  The Parties agree to produce all

imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image in the lower right hand corner or at a location that does not obliterate, conceal, or interfere with any information from the source document.  The Bates numbering convention shall be in the format "XX########" where "XX" represents the producing party and "########" represents the eight-digit sequential number of the page being produced by that party.  For example, the first Bates labeled document produced by the United States should be labeled "US00000001".

      b.    <u>Unitization of Scanned Images:</u>  The Parties will make good faith efforts to: (1) scan an individual document, including attachments, as it existed in the original; (2) make all information that is in a hard copy document available in the scanned image, even if that requires scanning a page or document more than once (i.e., for documents that contain fixed notes, such as post-it notes, the parties will scan the pages both with and without the notes and those pages will be treated as part of the same document);  (3) maintain the relationship of documents in a document collection (*e.g.*, cover letter and enclosures, binder containing multiple documents) through the scanning  process.

      c.    <u>Electronically Stored Information (ESI).</u>  All ESI shall be produced in its native format (i.e., Word documents produced in Word, WordPerfect document produced in Word Perfect).  The parties further agree that:

          i.    Outlook email shall be produced as Outlook .MSG format.  Each email shall include the following metadata fields:  (1) "From"; (2) "To"; (3) "CC"; (4) "BCC"; (5) "Subject"; (6) date and time the message was sent. ==[Add email services defendants use (e.g., Lotus Notes, GroupWise, Gmail, or other email services, and determine the appropriate native forms.]==

    ii.  Color documents, including photographs, brochures, or advertising materials, may be produced as JPEG files using a high quality setting.

    iii.  In the event that a Party needs to redact a portion of a document, the Parties will meet and confer regarding production of the redacted document.

  d. <u>Production Media</u>.  The Parties agree to produce scanned documents and ESI on CD-ROM, DVD, or external hard drive, (the "Production Media"), depending on the volume of the production.  Each piece of Production Media shall be labeled with:  (1) the case number, (2) the producing party's name, and (3) the production date, and (4) wave of production and the number of pieces in the wave (i.e., a party's first production of two CDs shall be labeled FIRST PROD, 1 of 2 and 2 of 2, the second production of one DVD shall be labeled SECOND PROD, 1 of 1).

  e. <u>No use of File Sharing Sites for Production Without Prior Agreement of the Parties:</u>  The parties agree not to use file sharing or post sites (i.e., FTP or SFTP) to produce documents or ESI responsive to a discovery request without the written agreement of the party requesting the discovery.

  f. Each party shall identify the discovery request to which a produced document or ESI responds.

5. <u>Preservation Does Not Affect Discoverability or Claims of Privilege</u>.  The Parties agree that by preserving documents, things, and ESI for the purpose of this litigation, they are not conceding that such material is discoverable, nor are they waiving any claim of privilege. Except as otherwise provided in paragraph 1 and 2, nothing in this Stipulation and Order shall

alter the responsibilities or obligations of the Parties to provide a privilege log for material withheld under a claim of privilege.

6. <u>Privilege Logs</u>. The Parties agree that for each document, thing, or ESI withheld based on an asserted claim of privilege, the Party asserting the privilege must produce a privilege log pursuant to Rule 26(b)(5)(a) of the FRCP, except as provided in paragraphs 1 and 2. The privilege log must contain the Bates Number, the type of document or ESI, whether the document or ESI contains any attachments, the date, authors, recipients, copies, privilege(s) claimed, the title of the document or ESI, the purpose of the document or ESI and the basis for the claimed privileges or protections with information sufficient to establish the elements of each asserted privilege. E-mail attachments should be identified as attachments and separately logged.

7. <u>Sanctions</u>. No Party shall seek sanctions pursuant to the FRCP, the contempt powers of the Court, or any other authority, against another Party for the failure to preserve documents, things, or ESI enumerated excluded from preservation and enumerated in paragraph 2.

8. <u>Inadvertent Production of Documents</u>

    a. The Parties agree that a disclosure of communications, documents, things, and ESI covered by the attorney-client privilege, work product protection or governmental privileges does not operate as a waiver in this proceeding if: (1) the disclosure is inadvertent and is made in connection with this litigation or the underlying investigation; and, (2) the holder of the privilege or protection took reasonable precautions to prevent disclosure and took reasonable and prompt measures, once the holder knew or should have known of the disclosure, to rectify the error.

    b. A Party that inadvertently discloses privileged or protected information, as described in paragraph 8.a., may notify any Party that received the information of the privilege or

protection claim and the basis for it. After being notified, the receiving Party must make prompt and reasonable efforts to return, sequester, or destroy paper documents, including any copies, of the inadvertently produced information that is in its possession, custody, or control. Regardless of the form of the inadvertently produced information, the parties further agree: (1) not to use or disclose the information until the claim is resolved; and, (2) take prompt and reasonable steps to retrieve the information if the Party disclosed it before being notified. Any party may promptly present the information to the court under seal for a determination of the claim. The producing Party must preserve the information until the claim is resolved.

9. <u>Costs of Document Production</u>. Each Party shall bear the costs of producing its own documents, things, and ESI.

10. <u>Requirement to Confer</u>. Before filing any motion regarding the terms of this Stipulation and Order, compliance with this Stipulation and Order or other discovery dispute, the Parties will confer in a good faith attempt to resolve such disputes.

11. <u>Miscellaneous Provisions</u>

    a. This Stipulation may be executed in counterparts.

    b. The Effective Date of this Stipulation is the date on which it is executed by all Parties.

    c. This Stipulation may not be enlarged, modified or altered except in a writing signed by each Party.

    d. None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request; rather, such time frames shall be governed by the FRCP

   e. The terms of this Stipulation and Order are not exhaustive. Each Party reserves the right to subsequently request a meet and confer to address any matters concerning discovery in this litigation which has not been addressed herein.

Agreed to by counsel for the Parties:

For the United States:

_____   Date: _____

For the Defendants:

_____   Date: _____

So ORDERED:

DATE: _____   _____

## **CERTIFICATE OF SERVICE**

On this the 5th day of January, 2014, I submitted the foregoing document to the Clerk of the Court for the United States District Court, Eastern District of Texas, Tyler Division, using the Court's electronic case filing system. I hereby certify that I have served all counsel of record electronically or by another means authorized by the Federal Rules of Civil Procedure.

                                                              /s/ Lori *K. Wagner*
                                                              Lori K. Wagner