IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIV. NO. 6:13-CV-00744 |
| | § | |
| | § | |
| GEORGE TOONE and IN TOONE | § | |
| SERVICES, LLC d/b/a TEXAN RV PARK, | § | |
| | § | |
| Defendants | § | |

_____

""""""""""""""""""""DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following **DISCOVERY ORDER:**

1.      **Disclosures**. Within thirty (30) days after the Scheduling Conference and without awaiting a discovery request, each party shall disclose to every other party the following information:

      A.      the correct names of the parties to the lawsuit;

      B.      the name, address, and telephone number of any potential parties;

      C.      the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

      D.      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a  brief, fair summary of the substance of the information known by such person;

      E.      any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

      F.      any settlement agreements relevant to the subject matter of this action;

      G.      any statement of any party to the litigation; and

      H.      all additional initial disclosures required under Fed. R. Civ. P. 26, to the extent """"""""""""""""""""not set forth hereinabove.

2.      **Additional Disclosures**.  Within forty-five (45) days after the Scheduling Conference and without awaiting a discovery request, each party shall provide to every other party the following information:

A.      a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

B.      a complete computation of any category of damages, as known to date, claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

In addition, where a party's physical or mental condition is at issue in the case, within forty-five (45) days after receipt by counsel of a written request made under Local Rule CV-34 for relevant medical records, the party shall provide to every other party the documents or authorizations described in Local Rule CV-34(1).

3.      **Testifying Experts.**  Each side is limited to two testifying expert witnesses, unless the use of additional experts are requested and approved by the Court.  By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

A.      The expert's name, address, and telephone number;

B.      The subject matter on which the expert will testify;

C.      A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);

D.      If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;

E.      If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

(1) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(2) the expert's current resume and bibliography.

The parties shall be excused from furnishing an expert report of treating physicians and

therapists unless reasonably requested to do so by another party.

4.      **Discovery Limitations**.  The parties agree that there shall be a maximum of 25 interrogatories per side and 14 depositions per side, excluding expert depositions.  The parties may move the Court to exceed these limitations as permitted by the Fed. R. Civ. P.  The parties may agree on a number of hours of depositions per party.

5.      **Privileged Information**.  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection.  A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by the date provided in the Docket Control Order.

6.      **Pre-trial Disclosures**.  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

      A.      The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

      B.      The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

      C.      An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing:

            (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) above; and

            (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C), above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.     **Signature**.  The disclosures required by this order shall be made in writing and signed by the party or counsel (ink or electronic signature being sufficient) and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

**8.     Notification of the Court**.  The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

**9.     Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures in a timely manner, as set forth in Fed. R. Civ. P. 26(e), if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10.     **Protective Orders**.  A party may request that the Court issue the Court's Standard Protective Order.  However, a party may propose the issuance of or move to modify the terms of the Protective Order for good cause.  The Court authorizes the parties to file any document that is subject to a protective order under seal, after providing written notice and copies of such documents to opposing counsel.

11.     **Discovery Conferences**.  Within seventy-two (72) hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

12.     **No Excuses**.  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

13.     **Hearing Notebooks**.  Hearing notebooks are no longer required.  However, the Court may request hearing notebooks in specific instances.

14.     **Requests for Production**.  Because documents relevant to any claim or defense are to be produced pursuant to paragraphs one (1) and two (2) of this order, requests for production may be unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request production under the Fed. R. Civ. P., or may request said documents by letter to opposing counsel.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

15.     **Electronic Discovery and Production.**  The parties are to meet and confer to agree on any electronic discovery and production issues.  The parties shall then submit an agreed ESI order by the deadline set forth in the Scheduling Order.  Should the parties disagree on any issues, the parties shall submit competing proposals to the Court pursuant to the deadline outlined in the Order setting a status/scheduling conference.  The Court may consider said issues on the papers, schedule a telephone conference to assist in resolving the dispute, or address any arguments during the status/scheduling conference.  Parties should refer to Appendix P of the Local Rules (Model Order Regarding E-Discovery in Patent Cases) as a starting point.

So ORDERED and SIGNED this 8th day of January, 2014.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE